Pauline SACKS et al., Plaintiffs,

v.

REYNOLDS SECURITIES, INC., et al., Defendants.

Civ. A. No. 76–2191.

United States District Court,
District of Columbia.

June 28, 1977.

S. Churchill Elmore, Lambert, Furlow, Elmore & Heidenberger, Washington, D. C., for plaintiffs.

Edward M. Statland, Statland & Zaslav, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

WADDY, District Judge.

Plaintiff, Pauline Sacks, a citizen of the State of Virginia, is a former account representative of defendant, Reynolds Securities, Inc. (RSI), a securities broker and dealer, a Delaware corporation, with offices in the District of Columbia and the State of Virginia. Pauline Sacks was also a customer of RSI. Defendant, Ronald D. Masci, is employed by RSI as the manager of its Arlington, Virginia office. He is a citizen of the State of Virginia.

In November, 1975, plaintiff, Pauline Sacks, resigned her position at RSI and began employment as account representative at Loeb, Rhoades & Co. (Loeb), another securities dealer. At the time Pauline Sacks changed employers she arranged to have her personal account and other customers' accounts serviced by her transferred from RSI to Loeb. RSI delayed transferring some of the accounts for a period in excess of that provided by Rule 412 of the New York Stock Exchange.

Plaintiff Pauline Sacks, her husband and certain customers have joined in bringing this case, which is essentially an action in tort seeking compensatory and punitive damages from defendants RSI and Masci allegedly resulting from the delay in transferring the accounts.

Plaintiffs allege in Counts I, II, IV, V, VI, VII, and VIII of the Complaint that they have incurred various injuries and damages by reason of defendants' negligence and willful misconduct, in failing to promptly transfer certain customer trading accounts. In Count III of the Complaint, plaintiff Pauline Sacks alleges she was discriminated against because of her sex while she was employed by defendant RSI, and that such discrimination constitutes "negligence per se".

The case came on before the Court on June 22, 1977, for a hearing on defendants' motion to dismiss pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction. Having considered the arguments raised in the various memoranda filed in support of and in opposition to said motion to dismiss, the complaint, the arguments of counsel at the hearing, and the entire record herein, the Court agrees with defendants that plaintiffs' broadly invoked jurisdictional grounds are not sustained by the factual allegations in the complaint, and that the motion should be granted, and the case dismissed for the reasons hereinafter set forth.

First, no federal question has been raised by plaintiffs under applicable securities laws, either pursuant to Rule 412 of the New York Stock Exchange or Rule 10b–5 of the Securities and Exchange Commission.

With respect to the alleged violations of Rule 412 of the New York Stock Exchange, two lines of cases have developed on the question of whether a private federal action may be implied for violations of stock exchange rules. Under the reasoning of *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2nd Cir. 1966), upon which defendants rely, the Court must

. . . look to the nature of the particular rule and its place in the regulatory scheme, with the party urging the implication of a federal liability carrying a considerably heavier burden of persuasion than when the violation is of the statute

or an SEC regulation. The case for implication would be strongest when the rule imposes an explicit duty unknown to the common law. 358 F.2d at 182.

Applying that standard to this case, the Court must conclude that plaintiffs have not met their burden inasmuch as it is clear plaintiffs have available an action at common law.

In *Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 410 F.2d 135 (7th Cir. 1969), relied upon by plaintiffs, the Ninth Circuit developed a different test. Under *Buttrey,* the Court must determine whether the rule in question was designed for the direct protection of investors. Second, the alleged unlawful conduct must be more than an error of judgment or of negligence—the conduct must be tantamount to fraud. Applying this two part test, the Court likewise concludes that no federal action may be implied in this case.

Although Rule 412 does express some concern for the individual investor, the rule cannot be said to have been designed primarily for the purpose of protection of investors since the emphasis is on the methods and procedures to be used in furtherance of orderly and expeditious account transferring. Furthermore, the conduct alleged by plaintiffs in the Complaint is not tantamount to allegations of fraud.

Similarly, plaintiffs have failed to establish a cause of action under Rule 10b–5, promulgated by the Securities and Exchange Commission pursuant to authority granted by the Securities and Exchange Act of 1934, 15 U.S.C. § 78j. For a violation of Rule 10b–5 to exist, there must have been some fraudulent, deceptive, or misleading conduct "in connection with the purchase or sale of any security." The Court concludes that neither the alleged failure of defendants to promptly transfer the customer accounts, nor any other conduct charged to defendants by the Complaint, involved the "purchase or sale" of securities within the meaning of Rule 10b–5. *See, Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2nd Cir. 1952).

Turning next to the allegations of sex discrimination in Count III of the Complaint, insofar as defendant's actions are alleged to be violative of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* it is clear that plaintiff Pauline Sacks has not exhausted her administrative remedies before the Equal Employment Opportunity Commission, as required by 42 U.S.C. § 2000e–5. To the extent that plaintiff is alleging a common law claim for relief, the complaint fails to state a claim upon which relief can be granted in this Court.

Finally, with respect to the question of diversity of citizenship, defendants contend, and plaintiffs conceded at the hearing, that all the plaintiffs and all the defendants are not citizens of different states, inasmuch as several of the plaintiffs, and defendant Masci are citizens of Virginia. Accordingly, this Court has no diversity jurisdiction under 28 U.S.C. § 1332.

Therefore, having concluded that no federal question has been raised, that there is no diversity of citizenship, and that plaintiff Pauline Sacks cannot maintain her action for sex discrimination, the case must be dismissed pursuant to Rule 12(b)(1) Fed.R. Civ.P. for lack of jurisdiction over the subject matter, and it is by the Court this 27th day of June, 1977,

ORDERED, that defendants' motion to dismiss be, and the same hereby is, granted and the above-captioned case dismissed.